962 F.2d 15
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Otavio SOTO-LOPEZ, a/k/a Genaro Gonzalez-Diaz, Defendant-Appellant.
 No. 88-5298.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1992.*
Decided May 8, 1992.
 
 Before HUG, DAVID R. THOMPSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Otavio Soto-Lopez appeals his sentence under the United States Sentencing Guidelines, following conviction on a guilty plea, for transporting an illegal alien in violation of 8 U.S.C. § 1324(a)(1)(B), and making a false statement in violation of 18 U.S.C. § 1001. Pursuant to Anders v. California, 386 U.S. 738 (1967), Soto-Lopez's counsel filed a brief which identified two possible issues for review: (1) whether the district court abused its discretion by admitting fingerprint evidence; and (2) whether the district court abused its discretion by denying a motion for continuance. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we grant counsel's request to withdraw and affirm the district court judgment.[1]
 
 I. Fingerprint Evidence
 
 3
 Soto-Lopez contends that the government failed to lay a proper foundation for admittance of fingerprint evidence which showed that he had prior convictions under an alias. We disagree.
 
 
 4
 "We review trial court rulings on whether evidence is supported by a proper foundation for abuse of discretion." United States v. Christophe, 833 F.2d 1296, 1300 (9th Cir.1987).
 
 
 5
 The government is required to make a prima facie showing of authenticity. United States v. Vasquez, 858 F.2d 1387, 1392 (9th Cir.1988), cert. denied, 488 U.S. 1034 (1989). "[Fed.R.Evid.] 901 ... permits the authentification or identification of evidence to be 'satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.' " Id. (quoting Fed.R.Evid. 901(a)). An expert witness can identify evidence by comparing it with properly authenticated evidence. Id.
 
 
 6
 At sentencing, the government introduced the testimony of Federal Bureau of Investigation ("FBI") Agent Lewis, a fingerprint specialist with thirteen years experience. Using FBI fingerprint files, Agent Lewis compared Soto-Lopez's fingerprints to a set of prints filed under the name of Genaro Gonzalez-Diaz. Agent Lewis testified that Soto-Lopez's fingerprints matched the prints of Gonzalez-Diaz, who had a number of convictions.
 
 
 7
 The government laid a proper foundation as to Agent Lewis' expertise in matching the fingerprints. See Christophe, 833 F.2d at 1300. Therefore, the district court did not abuse its discretion by admitting the fingerprint evidence. See Vasquez 858 F.2d at 1393; Christophe, 833 F.2d at 1300.
 
 II. Denial of Motion for Continuance
 
 8
 Soto-Lopez contends that the district court abused its discretion by denying his second motion for continuance in order to locate material witnesses. We disagree.
 
 
 9
 "We review a decision to grant or deny a continuance for an abuse of discretion." United States v. Robinson, Nos. 90-10433, 90-10470, slip op. 4343, 4350 (9th Cir. April 22, 1992).
 
 
 10
 We consider several factors in determining whether the denial was fair and reasonable: "whether the continuance would inconvenience witnesses, the court, counsel, or the parties; whether other continuances have been granted; whether legitimate reasons exist for the delay; whether the delay is the defendant's fault; and whether a denial would prejudice the defendant." Id.
 
 
 11
 Here, Soto-Lopez had been arrested in February 1988. At sentencing, in August 1988, Soto-Lopez requested a continuance to locate material witnesses who stated he was paid to transport them into the United States. The district court denied the motion. The witnesses had been available for interviews until Soto-Lopez's guilty plea, in April 1988. A synopsis of their statements had been provided to Soto-Lopez during discovery and he failed to make a showing that their testimony would have been any different. The district court previously granted one continuance of his sentencing hearing.
 
 
 12
 In light of these facts, we hold that the district court did not abuse its discretion by denying a continuance. See Robinson, Nos. 90-10433, 90-10470, slip op. at 4351.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Our independent review of the record pursuant to Penson v. Ohio, 488 U.S. 75, 83 (1988), discloses no other issues for review